LOUIS LAPRE *vs.* WORONOCO STREET RAILWAY COMPANY.

Worcester.   October 1, 1907. — October 15, 1907.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

If a man, employed by a street railway company as a night watchman, goes in the night time without a light into the cellar of the car barn where he is watchman, and gropes his way to the side of a coal bin to find the key with which to wind his time clock, when some coal, which was put in that day and was piled carelessly by his fellow servants, falls upon him and injures him, he cannot recover at common law from his employer for his injuries, even if he was in the exercise of due care, because the negligence was that of his fellow servants, and the chance of such an injury was one of the obvious risks of his employment.

At common law a superintendent is a fellow servant of a workman employed under him in the same work.

TORT, at common law, by a night watchman and car inspector against a street railway corporation by which he was employed, for personal injuries from being struck in the eye by a lump of soft coal that fell from a pile in a bin, when the plaintiff had gone in the night time without a light into the cellar of the car barn where he was watchman to wind a time clock with a key which hung beside the entrance of the bin, some of the coal having been put into the bin during the day of the accident by

fellow workmen of the plaintiff without the plaintiff's knowledge, the only count relied upon alleging that the defendant failed to furnish the plaintiff with a reasonably safe and suitable place in which to work and failed to warn and instruct him concerning the dangers attending his work.   Writ dated May 22, 1906.

At the trial in the Superior Court *Wait*, J., at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

· *W. H. Brooks & W. Hamilton*, for the' plaintiff.

*A. L. Green & F. F. Bennett*, for the defendant.

MORTON, J.   The action is at common law, and only the first count is relied on.

The putting in of the coal was done by fellow servants of the plaintiff, and if the coal was put into and left in the bin in such a way that it was liable to fall upon and did fall upon the plaintiff and injure him, the negligence, if any, which caused the accident was the negligence of the plaintiff's fellow servants and the defendant is not liable therefor.   Moreover, we think that the risk was one of the obvious risks of the plaintiff's employment.   Coal was not put into the bin at fixed times or in fixed quantities, but as it might happen, and no notice was given to the plaintiff.   In other words he was left to find out for himself when and how much and in what manner the coal was put in and to govern himself accordingly.   The fact that at this time more coal was put in than had been put in before was one of the incidents of the business, and if it was left carelessly piled in the bin, that, as already observed, was the act of fellow servants.   It is not necessary to consider whether the plaintiff was himself in the exercise of due care in going down into the cellar without his lantern when the electric lamp was out and groping his way to the side of the bin where the key to his time clock was kept.   If there was any negligence on the part of Savery, the superintendent, it was that of a fellow servant, and the defendant is not liable therefor.

*Exceptions overruled.*